State, Del., Lack. & West. R. R. Co., pros., v. Village of Passaic.

THE STATE, THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PROSECUTORS, v. THE VILLAGE OF PASSAIC.

1. An assessment, made under charter of village of Passaic, which provides that the whole cost of the improvement shall be assessed upon lands fronting on the improvement in proportion to the benefit received by each lot, is illegal, as it requires such lots to bear the whole burthen of the cost without limitation to actual benefits, and the mode of its distribution merely, being according to benefits.
2. Since the case of The State, Agens, pros., v. The City of Newark, in Court of Errors, an assessment for an improvement of this character (grading) cannot be sustained when made according to a statute, fixing a standard otherwise than actual benefits, and limited only by political territorial divisions, if the legislature choose to make any such limitation.
3. Section 48 of the charter of the city of Passaic (1873) is only intended to validate proceedings not done in conformity to the act of 1869, the same as if it had been complied with, and to impose upon the land owner the *onus* of showing that the assessment as to benefits had not been made according to that act, and not that it exceeds the actual benefits.

On *certiorari*.

Argued at February Term, 1874, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the prosecutor, *Vanatta*.

For the defendants, *T. M. Moore*.

The opinion of the court was delivered by

BEDLE, J. This *certiorari* brings before us an assessment against the prosecutors for grading Franklin avenue. The proceedings were had under an act to incorporate the village of Passaic. (*Laws*, 1869, *p*. 317.) The error of this assessment is that it was imposed in strict conformity, so far as the principle of it is concerned, to sections 19 and 20 of that act.

Section 19 provides for a preliminary assessment by three commissioners, who shall estimate the whole cost of the improvement and assess it upon the lands fronting on the

improvement in proportion to the benefit to be received by each lot or parcel of land. After that, if there are no remonstrances to defeat the improvement, it is made, and then, by section 20, all the expenses and costs incurred are finally assessed by the three commissioners upon the same lands in proportion to the benefit received, as estimated by the said commissioners. The act requires the lands fronting on the improvement to bear the whole burthen of the cost, and the mode of its distribution, merely, is according to the benefits, but not limited by the actual benefits. Since the case of the State, Agens, pros., v. The City of Newark, decided in the Court of Errors, an assessment for an improvement of this character cannot be sustained when made according to a statute fixing a standard otherwise than the actual benefits and limited only by political territorial divisions, if the legislature choose to make any such limitation. The rule heretofore prevailing in this court, that such improvements are presumed to benefit land equal to the burthen imposed by the legislature, until the contrary appears, can now no longer, since that decision, be maintained. In the *Chatham Drainage Case*, 6 *Vroom* 502, language, similar to this in question, was construed so as to be limited to the actual benefits, but in the drainage act the territory that ought to contribute to the expense was to be selected by the commissioners. In the case before us, the legislature has fixed the limit of frontage, and provided that the whole expense shall be assessed there.

Since this *certiorari* was brought, an act was passed incorporating Passaic as a city, (*Laws*, 1873, *p.* 484,) section 84 of which undertakes to validate all assessments made under the charter of 1869, but which does not help the difficulty before us. Part of that section is in these words: "all such assessments are hereby declared to be valid and effectual in law, as if every provision of the charter of the village of Passaic, under which said assessments were made, had been fully complied with, except in cases where it shall appear to the Supreme Court that the commissioners, who made such assessments, have not properly assessed the lands and real estate

*by said charter directed to be assessed,* in proportion to the benefit to be received thereby, in which cases said assessments may for that cause be set aside." The legislature merely intended by that section to make valid, proceedings not done in conformity to the act of 1869, the same as if it had been complied with, and then to impose upon the land owner the *onus* of showing that the assessment as to benefits had not been made according to the charter. There is no intention in that section to require the land owner to show that the assessment exceeds the actual benefits, if he wishes to contest it. A claim to that extent would involve the right of the legislature to declare valid an assessment made under an act contrary to fundamental law, unless the land owner could show, as a matter of fact, that the commissioners had assumed to restrain it within the standard of actual benefits. Such legislation would impose an expense and burthen on the owner that would often, practically speaking, amount to a deprivation of his rights, and which I think ought not to be and could not be sustained. But by fair construction, section 84 does not reach that far.

The ordinance should not be disturbed for any of the reasons urged on the argument, the work having been completed when the writ was allowed ; but the assessment proceedings should all be set aside as to the prosecutors.